UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHEILA LITTRE, | Case No.: 2:23-cv-01150-APG-MDC |
| Plaintiff | **ORDER APPROVING STIPULATION OF SETTLEMENT** |
| v. | [ECF No. 54] |
| WYNN LAS VEGAS, LLC, | |
| Defendant | |

The parties filed a joint motion for approval of a proposed collective action settlement (the Settlement) under the Fair Labor Standards Act (FLSA). I find as follows:

1. The proposed Settlement is a fair and reasonable resolution of a bona fide dispute arising under the FLSA for those collective action members, all of whom are current or former employees of defendant, that elect to participate in the Settlement. Those collective action members include the current plaintiffs who have opted-in to this case and persons who have not asserted claims in this case but who chose to accept the offer of settlement. As discussed in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355-56 (11th Cir. 1982), the terms of the proposed settlement represent a reasonable compromise of the disputed issue as to plaintiffs' and other collective action members' claims for allegedly unpaid tips and related relief. There is no evidence of collusion, and the settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides and with the assistance of former federal Magistrate Judge Carl W. Hoffman, Retired.

2. The settlement apportionment and disbursement of funds is reasonable for the reasons set forth in the motion to approve the Settlement and constitutes a fair and reasonable compromise of the FLSA and state law claims. The Settlement is fair and reasonable in all

other respects, including (i) the service awards to plaintiff Sheila Little and Opt-in Plaintiffs Elena Espino and Alejandro Benitez (Lead Plaintiffs) for the work that they performed on behalf of others, (ii) the attorneys' fees and costs of plaintiffs' counsel, and (iii) the proposed fees of the Settlement Administrator Phoenix Class Action Administration Solutions.  The settlement confers a substantial benefit to all collective action members similarly situated to the plaintiffs, considering the strength of the plaintiffs' claims and the risk, expense, complexity, and duration of further litigation.

        3.      I exercise a more limited role in approving an FLSA collective action settlement than when considering approval of a Federal Rule of Civil Procedure Rule 23 class action settlement. *See*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.").  There are no collective action members who will have their legal rights limited by failing to act in response to the proposed Settlement.  The persons who are eligible collective action members may accept or decline the Settlement as each deems best.  If they decline to accept the Settlement and release the defendant from their FLSA and state law claims they may promptly pursue their FLSA and state law claims against the defendant in separate litigation without any diminution of their force or value as a result of the Settlement.

        **4.**      The Settlement further provides the collective action members may decline to accept the Settlement and recommence their FLSA and state law claims against the defendant with no erosion of the statute of limitations applicable to those claims as long as they do so within 30 days of the entry of a final judgment in this case.  While any plaintiffs that decline to accept the Settlement would have to initiate such separate litigation, as the Settlement requires that this case be dismissed by a final judgment, that requirement does not negate my finding that

the Settlement is fair and reasonable under the FLSA and warrants approval.

**I THEREFORE ORDER THAT:**

The proposed Settlement is approved as a fair and reasonable compromise and settlement of Fair Labor Standards Act and state law claims for such plaintiffs and the other collective action members who agree to accept it. I approve in substantially the form annexed as Exhibit E the Notice and Exhibit D the Settlement Offer and Release forms for the proposed Settlement that will be mailed no later than July 5, 2024 to the plaintiffs and other collective action members.

If the Settlement is not voided pursuant to its terms, I will, without a further hearing, approve and enter an Order substantially in the form of Exhibit B to the Settlement Agreement that enters a final judgment dismissing this case as provided for by the Settlement and approving a final settlement of the Fair Labor Standards Act claims of the plaintiffs and the other collective action members who agree to participate in the Settlement. That Order will also address and resolve any potential motion by plaintiffs' counsel to be relieved as attorney for any current opt-in plaintiff who decides to reject the Settlement, if said motion is required to be filed.

DATED this 16th day of June, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE